ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 DEC -6 PM 2: 22

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | CASE NO. CR406-333 |
| vs. | ) | |
| | ) | |
| DARREN WEHRLE | ) | |
| | ) | |

### DEFENDANT DARREN WEHRLE'S BRIEF IN SUPPORT OF HIS MOTION TO SUPPRESS EVIDENCE DISCOVERED IN VIOLATION OF MR. WEHRLE'S CONSTITUTIONAL RIGHTS

NOW COMES Defendant Darren Wehrle, by and through his undersigned counsel, Stanley H. Friedman, pursuant to Fed. R. Crim. P. 47, 12(b)(3)(C) and L. Cr. R. 12.1, and hereby respectfully moves this Honorable Court to suppress any and all evidence, tangible and intangible, which was seized by any and all law enforcement officers, federal, state and/or local, during the investigation of said case. Defendant Wehrle files this Brief in Support of his Motion to Suppress Evidence Discovered in Violation of Mr. Wehrle's Constitutional Rights as follows:

I.

### STATEMENT OF FACTS

On or about June 24th, 2006 Defendant Darren Wehrle and James Moore III were at the Kroger Store parking lot located on Victory Drive adjacent to the Harry Truman Parkway exit in Chatham County, Georgia. Moore is alleged to have gone into Kroger while Wehrle allegedly remained outside in the parking lot in a White Honda Georgia tag number 5929AHE owned by

either Moore or his parents. According to Grand Jury testimony presented by A.T.F. Taskforce agent Daryle McCormick, Ruby Kirby observed "the passenger" of the vehicle get out of the car with what appeared to be a shotgun (G.J. page 5 line20 ). Because his behavior was unusual to the witness she called 911 to report this activity.

Thereafter, Moore supposedly returned to his vehicle and he and Wehrle eventually left the parking lot. Kirby and her husband followed them for an unknown period of time . Eventually they were intercepted and stopped by Officer A.V. Arflin of the Savannah-Chatham Metropolitan Police Department. The police stopped the car occupied by Wehrle and Moore near Victory Manor Place and Victory Drive. The officer got them out of the car and observed a weapon on the floor of the back seat. They were both charged at that time with state charges relating to the circumstances of this offense.

According to the accounts of the event related in the discovery provided by the government, the apparent reason for detaining the defendant and Moore was the information provided by Ms. Kirby to the Savannah-Chatham Metropolitan Police Department through her emergency 911 call. The information provided by Ms. Kirby as gleaned from the discovery provided by the government was essentially as follows:

She saw the passenger of the Honda Accord in the parking lot of Kroger with a firearm. After the driver returned, she saw them go to the back of the parking lot where one of them appeared to urinate in public. She related this information to 911. Based upon this information, Officer Arflin stopped the vehicle and observed a weapon in plain view.

II

PROCEDURAL HISTORY

A Grand Jury for the Southern District of Georgia considered this matter on October 11, 2006. (USAO First Discovery Response). The indictment was returned against the defendant charging him with 26 USC 5861(d) Possession of unregistered short-barreled shotgun. He was arraigned before this Court on November 16, 2006.


III.

STANDING

Mr. Wehrle is a person aggrieved by an illegal stop and consequently has standing to bring this motion.

Mr. Werhle now moves this Court to suppress the evidence seized from the car and any other evidence obtained as a result of the unlawful stop, detention and search, including but not limited to any statements he may have made to law enforcement agents, on the following grounds: 1) the officers unlawfully stopped the vehicle without reasonable suspicion that an offense had occurred. Based on the following, Mr. Wehrle asks that this Court grant his Motion to Suppress.

IV.

ARGUMENT AND CITATION OF AUTHORITY

"The Fourth Amendment to the United States Constitution protects the right of persons to be free from unreasonable searches and seizures." United States v. Perkins, 348 F.3d 965, 969 (11th Cir. 2003)(citing U.S. Const. amend. IV). The Terry rationale allows police officers to conduct an investigatory stop of a car. United States v. Sharpe, 470 U.S. 675 (1985); United States v. Mikell, 102 F.3d 470 (11th Cir. 1996). The key is reasonable suspicion on the part of the police officer. "Reasonable suspicion" is more than just a hunch because the Fourth Amendment requires at a minimum some objective justification of the investigatory stop. United States v. Sokolow, 490 U.S. 1 (1989); United States v. Acosta, 363 F.3d 1141 (11th Cir. 2004); United States v. Dunn, 345 F.3d 1285 (11th Cir. 2003). The validity of the stop must be considered in view of the totality of the circumstances. None of the suspect's actions need to be criminal on their face, yet taken together they can provide trained police with reasonable suspicion. United State v. Arvizu, 534 U.S. 266 (2002); United States v. Lee, 68 F.3d 1267 (11th Cir. 1995). The reviewing court views the circumstances in the light of the officer's special training and experience. United States v. Simth, 201 F.3d 1317 (11th Cir. 2000). Reasonable suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence or even the requirement of probable cause that evidence of a crime will be found. United States v. Mikell,

III.

STANDING

Mr. Wehrle is a person aggrieved by an illegal stop and consequently has standing to bring this motion.

Mr. Werhle now moves this Court to suppress the evidence seized from the car and any other evidence obtained as a result of the unlawful stop, detention and search, including but not limited to any statements he may have made to law enforcement agents, on the following grounds: 1) the officers unlawfully stopped the vehicle without reasonable suspicion that an offense had occurred. Based on the following, Mr. Wehrle asks that this Court grant his Motion to Suppress.

IV.

ARGUMENT AND CITATION OF AUTHORITY

"The Fourth Amendment to the United States Constitution protects the right of persons to be free from unreasonable searches and seizures." United States v. Perkins, 348 F.3d 965, 969 (11th Cir. 2003)(citing U.S. Const. amend. IV). The Terry rationale allows police officers to conduct an investigatory stop of a car. United States v. Sharpe, 470 U.S. 675 (1985); United States v. Mikell, 102 F.3d 470 (11th Cir. 1996). The key is reasonable suspicion on the part of the police officer. "Reasonable suspicion" is more than just a hunch because the Fourth Amendment requires at a minimum some objective justification of the investigatory stop. United States v. Sokolow, 490 U.S. 1 (1989); United States v. Acosta, 363 F.3d 1141 (11th Cir. 2004); United States v. Dunn, 345 F.3d 1285 (11th Cir. 2003). The validity of the stop must be considered in view of the totality of the circumstances. None of the suspect's actions need to be criminal on their face, yet taken together they can provide trained police with reasonable suspicion. United State v. Arvizu, 534 U.S. 266 (2002); United States v. Lee, 68 F.3d 1267 (11th Cir. 1995). The reviewing court views the circumstances in the light of the officer's special training and experience. United States v. Simth, 201 F.3d 1317 (11th Cir. 2000). Reasonable suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence or even the requirement of probable cause that evidence of a crime will be found. United States v. Mikell,

United States v. Tapia, 912 F.2d 1367 (11th Cir. 1990).

Articulable suspicion may arise if a defendant flees upon seeing a caravan of police vehicles converge in an area known for heavy drug trafficking. Though a person may flee for innocent reasons, such flight can give officers a basis for detaining the individual briefly to investigate.

Every police encounter with a citizen does not amount to a seizure, of course. Thus, without any articulable suspicion, the police may board a bus and ask the passengers for consent to search their luggage. Florida v. Bostick, 501 U.S. 429 (1991). The question in that situation is whether the passenger would feel free to decline the request; if so, there has been NO seizure.

In California v. Hodari D., 499 U.S. 621 (1991), the Court held that a mere show of authority does not amount to a seizure. The initial pursuit of the youths in the above case did not amount to a seizure. The mere showing of authority, the court held, is not tantamount to a seizure absent some actual physical force being applied.

A seizure takes place "whenever a police officer accosts an individual and restrains his freedom to walk away." United States v. Brignoni-Ponce, 422 U.S. 873, 878 (1975). The United States Supreme Court has identified three categories for determining when a seizure has or has not taken place during police-citizen encounters, and what level of Fourth Amendment scrutiny to apply in those different instances: "(1) brief, consensual and non-coercive interactions that do not require Fourth Amendment scrutiny, Florida v. Bostick, 501 U.S. 429 (1991); (2) legitimate and restrained investigative stops short of arrests to which limited Fourth Amendment scrutiny is applied, Terry v. Ohio, 392 U.S. 1 (1968); and (3) technical arrests, full-blown searches or custodial detentions that lead to a stricter form of Fourth Amendment scrutiny, Brown v. Illinois, 422 U.S. 590 (1975), Perkins, 348 F.3d at 969, Id. A traffic stop is only a "limited form of a seizure, more analogous to an investigative detention than a custodial arrest." United States v. Purcell, 236 F.3d 1274, 1277 (11th Cir. 2001). Therefore, a traffic stop's legality is analyzed under Terry v. Ohio. Id.

"Under Terry, an officer's actions during a traffic stop must be 'reasonably related in scope to the circumstances which justified the interference in the first place.'" Purcell, 236 F.3d at 1277 (quoting Terry, 392 U.S. at 20). The Eleventh Circuit has consistently held that "once an

officer has briefly stopped a motor vehicle operator for the purpose of issuing a traffic violation (i.e., a ticket), the officer's continuing detention of the vehicle's occupants is authorized under the Fourth Amendment only if the officer can point to 'specific and articulable facts which, taken together with rational inferences from those facts,' reasonably warrant the prolonged detention." United States v. Pruitt, 174 F.3d 1215, 1219 (11th Cir. 1999). Accordingly, without reasonable and articulable suspicion that another crime is occurring, a traffic stop cannot "last any longer than necessary to process the traffic violation." United States v. Holloman, 113 F.3d 192, 196 (11th Cir. 1997).

No bright-line test separates an investigatory stop from an arrest. Instead, whether a seizure has become too intrusive to be an investigatory stop and must be considered an arrest, depends on the degree of intrusion, considering all the circumstances. United States v. Blackman, 66 F.3d 1572 (11th Cir. 1995). Among the factors to be considered are: the public interest served by the seizure, the nature and scope of the intrusion, and the objective facts relied upon by the officers. United States v. Acosta, 363 f.3d 1141, 1146 (11th cir. 2004); United States v. Gil, 204 F.3d 1347 (11th Cir. 2000).

In the case sub judice, based upon the information provided by the government in discovery, Officer Arflin lacked sufficient "articulable suspicion " to stop the vehicle and be in a position to observe the weapon. His information was that someone, who at the time of the stop, was a tipster, had seen activity which on its face did not constitute a crime. The information was that Ms.Kirby saw the passenger of the Honda Accord in the parking lot of Kroger with a firearm. After the driver (allegedly Moore) returned, she saw them go to the back of the parking lot where one of them appeared to urinate in public. She related this information to 911. She and her husband then followed them. There is no indication from the discovery provided by the government that any additional information was provided to Officer Arflin or any other officer prior to him stopping the Honda Accord. Based upon this information alone provided in the existing discovery, Officer Arflin stopped the vehicle and later observed a weapon in plain view.

As stated previously, for there to be a right for the police to stop a vehicle or person, there must be articulable suspicion. In this case the only information provided was that a

5

person in the Honda had been seen with a firearm. No evidence or information has been provided to suggest that the witness either knew of the legality of the weapon or the status of the person in possession. For instance, she apparently did not know the defendant and therefore could have no reason to believe that he might be a prohibited person as contemplated by the law. So the report of this activity was information that taken alone, would not obviously amount to a violation of any law.

Informed with only this information, the officer stopped the Honda and detained the driver and the defendant. Information provided by an unknown tipster not indicating certain criminal activity does not rise to the level of articulable suspicion.

As a result, any statements, items or actions by Mr. Wehrle observed or located after the vehicle Mr. Wehrle was traveling in because of the information available to the officer at the time of the stop should not be considered by this Court and the search and seizure of Mr. Wehrle and the subject vehicle were in violation of Wehrle's rights pursuant to the above mentioned case law and the Fourth Amendment of the United States Constitution.

V.

CONCLUSION

Based on the foregoing, Defendant Darren Wehrle asks that this Honorable Court to suppress any and all evidence obtained by any and all law enforcement agents, federal, state and/or local, in this matter and dismiss all charges against him.

_Stan Friedman_
Stanley H. Friedman
Georgia Bar No.: 277800
ATTORNEY FOR DEFENDANT

Friedman & Martin
114 Barnard Street
Suite 2A
Savannah, GA 31401
(912) 232-8500

# United States District Court
# Southern District of Georgia
# Savannah Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| V. | § § | CR406-333 |
| DARREN NICHOLAS WEHRLE, | § § | |
| DEFENDANT. | § § | |

### ORDER

The Motion to Suppress of Defendant DARREN NICHOLAS WEHRLE, having been read and considered by this Court; and,

IT IS HEREBY ORDERED that Defendant's Motion to Suppress shall be heard by this Court on the _____ day of _____, 200___ at _____ o'clock ____ m.

SO ORDERED, this _____ day of _____, 2006.


_____
Magistrate, U. S. District Court for the
Southern District of Georgia

Prepared by:
Stanley H. Friedman
Friedman & Martin
114 Barnard St., Suite 2-A
Savannah, GA  31401
(912) 232-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| vs. | § § | CR406-333 |
| DARREN NICHOLAS WEHRLE, | § § § | |
| DEFENDANT. | § | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following persons with a true copy of the Foregoing:

1. Motion of Darren Nicholas Wehrle to Compel the Government to Disclose All Evidence to Defendant for Discovery and Inspection;

2. Request for Notice of Intent to Use Evidence Pursuant to Federal Rule of Evidence 404(b);

3. Defendant's Motion for Disclosure of Exculpatory Information;

4. Motion for Names and Address of Witnesses;

5. Defendant's Motion for Preservation and Inventory of Agents Notes;

6. Motion for Discovery and Inspection with Memorandum of Authorities;

7. Motion for Notice of the Government's intent to Use "Other Crimes" Evidence Pursuant to Rule 404(B); and

8. Defendant Darren Wehrle's Brief in Support of His Motion to Suppress Evidence Discovered in Violation of Mr. Wehrle's Constitutional Rights

via hand delivery addressed to the following:

>R. Brian Tanner
>Assistant United States Attorney
>Southern District of Georgia
>100 Bull Street
>Savannah, GA 3140

This **6th** day of December, 2006.

*Stanley H. Friedman* (signature)
Stanley H. Friedman
Georgia Bar No.: 277800
ATTORNEY FOR DEFENDANT

Friedman & Martin
114 Barnard Street
Suite 2A
Savannah, GA 31401
(912) 232-8500